4/20/2021 11:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52631162
By: Carolina Salgado
Filed: 4/20/2021 11:22 AM

Cause No. _____

| | | |
|---|---|---|
| ERIK CORTEZ<br>Plaintiff, | § § § § | IN THE DISTRICT COURT |
| v. | § § § | OF HARRIS COUNTY, TEXAS |
| FREDRICK DEWAYNE SHERMAN and TRUCKING CONNECTION, L.L.C.<br>Defendants. | § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Erik Cortez files his Original Petition complaining of Defendants, Fredrick Dewayne Sherman and Trucking Connection, L.L.C., and would respectfully show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

**1.1** Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2. Plaintiff specifically pleads that he seeks monetary relief over $1,000,000.00. The parties have not exchanged discovery; therefore, the value of this lawsuit is unknown. Ultimately, in the American justice system, the jury decides upon receiving the evidence. Plaintiff reserves the right to amend this damage calculation as discovery progresses.

### II. PARTIES

**2.1** Plaintiff Erik Cortez resides in Harris County, Texas.

**2.2** Defendant Fredrick Dewayne Sherman can be served with process at 2509 Culpepper Road, Alexandria, Louisiana 71301 or wherever he may be found.

**2.3** Defendant Trucking Connection, L.L.C. is a corporation doing business in Texas and may be served with process by serving it's Registered Agent, Steven J. Williams, at 2628 B Willow Glen River Road, Alexandria, Louisiana 71302.

### III. JURISDICTION AND VENUE

**3.1** Venue is proper and maintainable in Harris County, Texas under §15.002(a)(1) of the Texas Civil Practice & Remedies Code because the incident occurred in Harris County, Texas.

**3.2** This Court has jurisdiction in this cause since the Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

### IV. FACTS

**4.1** On or about May 13, 2019, Defendant Fredrick Dewayne Sherman was traveling east bound on the service road of East Freeway. Defendant Fredrick Dewayne Sherman arrived at the intersection of Redmond Street and planned to make a right turn. Defendant Fredrick Dewayne Sherman drove a commercial vehicle owned by Defendant Trucking Connection, L.L.C. Defendant Trucking Connection, L.L.C. employed Defendant Fredrick Dewayne Sherman.

**4.2** A red Honda motorcycle drove east bound at the 14300 block of the East Freeway behind Defendant Fredrick Dewayne Sherman. The red Honda motorcycle arrived at the intersection of Redmond Street.

**4.3** Defendant Fredrick Dewayne Sherman chose not to watch for traffic. Defendant Fredrick Dewayne Sherman chose not to control his vehicle. Defendant Fredrick Dewayne Sherman chose not to yield to traffic. Defendant Fredrick Dewayne Sherman chose to not use his signal light. Defendant Fredrick Dewayne Sherman chose to switch into the middle lane and make a turn right in front of the red Honda motorcycle when it was not safe causing the motorcycle to strike his vehicle and slide under it.

2

**4.4** The driver of the red Honda motorcycle sustained injuries. The driver of the red Honda motorcycle was Plaintiff Erik Cortez.

**4.5** Defendant Fredrick Dewayne Sherman was the sole proximate cause of the collision. Plaintiff would show that nothing he did or fail to do on the occasion in question caused or in any way contributed to cause his injuries.

## V. DEFENDANT FREDRICK DEWAYNE SHERMAN

**5.1** The conduct of Defendant Fredrick Dewayne Sherman constituted negligence and negligence per se as those terms are understood in law and such conduct was a proximate cause of the occurrence made the basis of this suit. Defendant Fredrick Dewayne Sherman was negligent in one or more of the following non-exclusive particulars:

    a. Choosing not to control speed;

    b. Choosing not to pay attention;

    c. Choosing not to keep a proper lookout;

    d. Choosing to not take proper precaution in avoiding this incident;

    e. Choosing to not control his vehicle;

    f. Choosing to not make a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    g. Choosing to not do that which a prudent driver would have done under the same or similar circumstances; and

    h. Choosing to endanger the lives of our community, family, friends, and his by driving recklessly.

    i. Choosing not to use proper signal lights.

Plaintiff would show that such negligence proximately caused damages to Plaintiff more fully described below.

## VI. NEGLIGENCE OF DEFENDANT TRUCKING CONNECTION, L.L.C.

**6.1** At the time of the incident, Defendant Fredrick Sherman was acting in his capacity as an agent, servant, and/or employee of Trucking Connection, L.L.C. and was acting within the course and scope of his authority as such. Therefore, the doctrine of *respondeat superior* should be applied to Defendant Trucking Connection, L.L.C. and it should be held responsible for the acts of its agents and/or employees and/or servants. Defendants and their agents, representatives, servants and/or employees are jointly and severally liable for Plaintiff's injuries and damages.

**6.2** Defendant Trucking Connections, L.L.C. is also liable for its own negligence, and its negligence was a proximate cause of the incident made the basis of this lawsuit and the damages resulting therefrom, in one or more of the following:

    (a)    Negligently hiring Defendant Fredrick Dewayne Sherman;

    (b)    Negligently failing to train or supervise, or adequately train or supervise Defendant Fredrick Dewayne Sherman;

    (c)    Negligently entrusting a vehicle to Defendant Fredrick Dewayne Sherman; and

    (d)    Negligently permitting, directing, or encouraging Defendant Fredrick Dewayne Sherman to operate a vehicle in an unsafe manner.

Such conduct on the part of Defendants constituted negligence, which was a proximate cause of the collision.

## VII. DAMAGES

**7.1** As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained injuries and damages.

4

7.2     Due to the gravity of the injuries stated above, Plaintiff has had to seek reasonable and necessary medical care and attention, and this has caused him to incur reasonable and necessary medical expenses for the treatment of his injuries.

7.3     In all likelihood, based upon a reasonable medical probability, Plaintiff will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses into the future.

7.4     Further, Plaintiff would show that he has suffered physical pain as a result of this incident. Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

7.5     Further, Plaintiff would show that he has suffered mental anguish as a result of this incident. Such mental anguish, in all probability will continue into the future, if not permanently.

7.6     Further, Plaintiff would show that he has suffered physical impairment as a result of this incident. Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

7.7     Further, Plaintiff would show that he has suffered physical disfigurement as a result of this incident. Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

7.8     Further, Plaintiff has suffered lost wages and a loss of earning capacity in the past.

7.9     Further, Plaintiff will, in all reasonable probability, continue to sustain loss of wages and loss of earning capacity in the future.

7.10    Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## VIII. <u>PRESERVING EVIDENCE</u>

**8.1** Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## XI. <u>REQUIRED DISCLOSURE</u>

**9.1** Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures with thirty (30) days after being served or joined.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing hereof, that Plaintiff recovers damages from Defendants, in accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover

compensatory damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **ADAME ★ GARZA, LLP**

        _____

        Johnny N. Garza, Jr.
        State Bar No.24036624
        1322 Yale St.
        Houston TX 77008
        (713) 863-7100 Telephone
        (713) 863-7133 Facsimile
        johnny@htxtriallawyers.com

        **ATTORNEY FOR PLAINTIFF**

Tracking Number: 73862893
EML

CAUSE NUMBER: 202123337

PLAINTIFF: CORTEZ, ERIK

vs.

DEFENDANT: SHERMAN, FREDRICK DEWAYNE

In the 215th
Judicial District Court of
Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at **4:30** o'clock **P**. M. on the **22nd** day of **April**, 20**21**. Executed at
(Address) **2628 B. Willow Glen River Rd., Alexandria, LA, 71302**
____ in
**Rapides Parish** County at **3:30** o'clock **P**. M. On the **28th** day of **April**, 20**21**, by
Delivering to **Trucking Connection LLC (A Corporation) by CMRRR, Green** defendant, ~~in person~~, a true
copy of this Citation together with the accompanying ____ copy(ies) of the Petition.
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.
**Card #7020 1290 0000 4705 5255   by Serving Steven J. Williams**
To certify which I affix my hand officially this ____ day of
_____, 20.

Fees $_____

By _____ [signature] _____
Affiant  Certified Process Server
PSC 6702 Expires 6-30-21                                        ~~Deputy~~

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this ____ day of _____,
20__.

_____
                                                                 Notary Public

CAUSE NO. 202123337

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 916996   TR# 73862893
EML

| Plaintiff: | In The 215th |
|---|---|
| CORTEZ, ERIK | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| SHERMAN, FREDRICK DEWAYNE | Houston, Texas |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   TRUCKING CONNECTION L L C (A CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED
AGENT STEVEN J WILLIAMS
2628 B WILLOW GLEN RIVER ROAD, ALEXANDRIA LA 71302

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 20, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on April 21, 2021, under my hand and seal of said court.



Issued at the request of:

GARZA, JUAN NOE JR.
1322 YALE ST.
HOUSTON, TX   77008
713-863-7100
Bar Number: 24036624

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO Box 4651, Houston, TX 77210)

Generated By: CAROLINA SALGADO

CAUSE NO. 2021-23337

| | | |
|---|---|---|
| ERIK CORTEZ | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FREDRICK DEWAYNE SHERMAN | § | |
| and TRUCKING CONNECTION, L.L.C. | § | |
|     Defendants | § | 215TH JUDICIAL DISTRICT |

## DEFENDANT TRUCKING CONNECTION, L.L.C.'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE

TRUCKING CONNECTION, L.L.C., a Defendant in the above-referenced and numbered cause, files its Answer to Plaintiff's Original Petition, Jury Demand, and Requests for Disclosure, and in support would respectfully show the Court as follows:

## GENERAL DENIAL

1.	Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and, upon the trial of this cause, demands strict proof thereof, pursuant to the laws and Constitution of the State of Texas.

## DISCOVERY

2.	Pursuant to Texas Rule of Civil Procedure 190.4, Defendant requests that the discovery in this case be conducted under Level 3.

## AFFIRMATIVE DEFENSES

3.	Pursuant to Rule 94 of the Texas Rules of Civil Procedure and Chapter 33 of the Civil Practice and Remedies Code, Defendant would respectfully show that the injuries and damages, if any, made the basis of this lawsuit were solely and proximately caused, or in the alternative, partially and proximately caused, by the negligence of Plaintiff in failing to act like a

reasonably prudent person would have acted under the same or similar circumstances. Plaintiff was negligent *per se*.

4.     Defendant Sherman was confronted with an emergency arising suddenly and unexpectedly.

5.     The accident forming the basis of the lawsuit was an "unavoidable accident".

6.     Plaintiff's injuries and damages, if any, resulted from the acts of third persons or instrumentalities over which Defendant had no control.

7.     Pursuant to Texas Civil Practice and Remedies Code § 41.0105, Plaintiff may only recover medical or healthcare expenses that the patient actually paid or were incurred by or on the behalf of the patient.

8.     Pursuant to Texas Civil Practice and Remedies Code § 33.001 et seq., Defendant requests the jury compare the responsibility of all parties, including Plaintiff, Co-defendant, settling persons or entities, and responsible third parties pursuant to Texas Civil Practice and Remedies Code § 33.004, and assign percentages of responsibility to them, and that any judgment rendered be done so pursuant to the rights of contribution.

9.     In the unlikely event that a judgment is entered against Defendant, it reserves its right to recover from each co-defendant against whom judgment is also rendered, pursuant to Texas Civil Practice and Remedies Code § 32.002. Defendant further pleads that in the unlikely event it is found to be jointly and severally liable and required to pay more than its share of comparative responsibility, Defendant reserves its right of contribution against co-defendant, jointly and singularly, pursuant to Texas Civil Practice and Remedies Code § 33.001 et seq., and common law or contractual indemnity as it may apply. Defendant reserves its right to assert such contribution rights in this action, or in a later action.

10. Plaintiff failed to mitigate his damages.

11. Plaintiff's injuries and damages, if any, are the result of pre-existing and/or subsequent medical or psychological injuries, conditions, disease processes or disabilities that are in no way the responsibility of Defendant; therefore, Defendant has no legal responsibility for any injuries or damages sustained by Plaintiff as a result of any pre-existing and/or subsequent medical or psychological injuries, conditions, disease processes or disabilities over which Defendant had no control.

12. Pursuant to Texas Civil Practice and Remedies Code § 41.0105, Plaintiff may only recover medical or healthcare expenses that the patient actually paid or were incurred by or on behalf of the patient.

13. Pursuant to Texas Civil Practice and Remedies Code § 41.003, Defendant requests the Court require all parties prove their gross negligence claims against Defendant by clear and convincing evidence.

14. Pursuant to Texas Civil Practice and Remedies Code § 41.008, Defendant requests the Court limit the recovery on the amount of exemplary damages, if any, awarded against Defendant.

15. To the extent Plaintiff seeks punitive or exemplary damages from Defendant, Defendant asserts that an award of punitive or exemplary damages in this case would violate its rights guaranteed by the United States Constitution and Texas Constitution.

16. Defendant specifically invokes its rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that the Plaintiff's pleading for punitive and/or exemplary damages violates the Fourteenth Amendment in as much as punitive and/or exemplary damages can be assessed:

(a) In an amount left to the discretion of the jury and judge;

(b) In assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;

(c) In assessing such penalty or exemplary awards, plaintiffs need only prove the theory of gross negligence or malice by a "preponderance of the evidence" or "clear and convincing evidence" standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(d) Further, the defendant who is subject to the award does not have the right to refuse to testify against itself, but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment;

(e) The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine and, in effect allows the assessment of such awards even though there are not specific standards, limits or other statutory requirements set forth which define the *mens rea* and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

(f) In essence, Defendant is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but Defendant receives none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

      (g)      The assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar Defendants in dissimilar ways.

17.      Further, if such be necessary, Defendant affirmatively pleads that the assessment and award of punitive and/or exemplary damages violates the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process. Accordingly, Defendant invokes its rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow any award of punitive and/or exemplary damages in as much as an award in this case would violate Defendant's United States Constitutional rights.

## PLEADING IN THE ALTERNATIVE

18.      Pursuant to Texas Rules of Civil Procedure 84 and 85, to the extent that any defenses, other than the General Denial, plead in this Answer are in conflict, they are plead in the alternative.

## RIGHT TO AMEND

19.      Defendant reserves the right to amend or supplement its answer.

## JURY DEMAND

20.      Pursuant to Texas Rule of Civil Procedure 216, Defendant has made a demand for a jury trial and has paid the required jury fee.

## REQUEST FOR DISCLOSURE

21.      Pursuant to Texas Rule of Civil Procedure 194, Defendant requests that all parties disclose, within thirty (30) days of service of this request, the information and materials described in Rule 194.2 (a)-(l).

## REQUEST FOR DEPOSITION

22.     Defendant requests the opportunity to take the deposition of Plaintiff.

## INTENT TO USE DOCUMENTS PRODUCED

23.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby gives actual notice to all parties that all documents produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Trucking Connection, LLC prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged with its costs and for all such other and further relief to which it may be justly entitled.

Respectfully submitted,

**BRENNIG & ASSOCIATES, P.C.**

By:     /s/ Charles C. Brennig III
CHARLES C. BRENNIG III
State Bar No. 00783719
cbrennig@brenniglaw.com
ASHLEY N. VEGA
State Bar No. 24110478
avega@brenniglaw.com
5555 San Felipe Street, Suite 610
Houston, TX 77056
Telephone: (713) 622-5900
Facsimile: (713) 622-5910
**ATTORNEYS FOR DEFENDANT**
*Trucking Connection, L.L.C.*

## CERTIFICATE OF SERVICE

  This is to certify that on May 24, 2021, a true and correct copy of the foregoing document has been provided to all counsel of record via electronic service pursuant to the Texas Rules of Civil Procedure.

                /s/ Charles C. Brennig III
                CHARLES C. BRENNIG III